# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REHABCARE GROUP EAST INC., *d/b/a*
REHABCARE,

                     Plaintiff,

v.

MILWAUKEE HEALTH CARE LLC,
*d/b/a* WELLSPRING OF MILWAUKEE,

                    Defendant.

Case No. 17-CV-815-JPS

**ORDER**

Plaintiff filed this action on June 9, 2017, alleging claims arising from Defendant's failure to pay for therapy services pursuant to a contract. (Docket #1). Defendant was served with process on June 13, 2017. (Docket #4). Defendant did not appear or otherwise defend this action within the time provided by the Federal Rules of Civil Procedure, and so the Clerk of the Court, at Plaintiff's request, entered default against Defendant on July 18, 2017. (Docket #6).

On August 4, 2017, Plaintiff filed a motion for entry of a default judgment against Defendant. (Docket #8). Plaintiff's certificate of service reflects that Defendant was served with this motion by certified mail on the date it was filed. (Docket #9). Defendant has not responded to the motion in any fashion, and the deadline for doing so has expired. *See* Civ. L. R. 7(b); Fed. R. Civ. P. 6(d) (providing three additional days to respond to motions served by mail). As a result, the Court treats the motion as unopposed. Civ. L. R. 7(d).

Because the Clerk of Court has entered default against the defendant, the Court must accept all well-pleaded facts relating to liability

as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). The facts pleaded in the complaint establish Defendant's liability. (Docket #1 at 3–6). Plaintiff nevertheless bears the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Here, Plaintiff seeks the following damages: (1) compensatory damages of $598,228.27; (2) pre-judgment interest through August 1, 2017 in the amount of $329,997.93 with per diem interest in the amount of $295.03 for each day thereafter until entry of judgment; (3) post-judgment interest from the date of judgment; (4) attorney's fees in the amount of $12,639.00; and (5) costs of this action in the amount of $588.69. (Docket #8 at 2). Plaintiff's evidentiary submissions, including an affidavit by one of its attorneys and an affidavit from its custodian of records, support each of these requested items. *See* (Docket #8-1, #8-2). Thus, the Court having determined "that defendant[] [is] liable to plaintiff as to each cause of action alleged in the complaint" by its entry of default, and that Plaintiff's claimed damages are reasonably certain and well-supported, the Court will now grant the request for a default judgment and award Plaintiff its requested damages. *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Docket #8) be and the same is hereby **GRANTED**; Defendant shall pay to Plaintiff compensatory damages in the amount of $598,228.27, together with pre-judgment interest through August 1, 2017 in the amount of $329,997.93—with per diem interest in the amount of $295.03 for each day thereafter until entry of judgment, as well as attorney's fees in the amount of $12,639.00, costs in the amount of $588.69, and post-judgment interest as provided by law; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of August, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge